UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONELLE MURPHY,

                              Petitioner,

              -against-

WARDEN OF ATTICA CORRECTIONAL
FACILITY,

                              Respondent.

20-CV-3076 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Petitioner, currently incarcerated in Attica Correctional Facility, filed this *pro se* letter seeking an extension or "stay of abeyance" to file a petition for a writ of *habeas corpus* to challenge his New York County conviction. Petitioner also asks the Court to appoint him counsel to assist him in challenging his conviction. Because Petitioner has not filed a petition for *habeas corpus* under 28 U.S.C. § 2254, and because the Court lacks jurisdiction to grant an extension or stay with regards to a petition that has not been filed, the Court grants Petitioner leave to file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 and an application to proceed *in forma pauperis* ("IFP") before the statute of limitations period expires on June 25, 2020.

### STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir.

2000). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## BACKGROUND

Petitioner submits a letter in which he requests an extension or a "stay of abeyance" to file his federal *habeas* petition because he has additional grounds for relief that he needs to exhaust in the state courts, and he has been unable to get regular access to the facility's law library due to the COVID-19 pandemic. He states that he is in the process of submitting a motion under New York Criminal Procedure Law ("C.P.L.") § 440.10 and an error *coram nobis* motion in the state court so that he may "preserve [his] ineffective trial and appellate counsel claims, as well as the trial court's abuse of discretion and error of law." (ECF No. 1, at 2.) He indicates that he has completed "most of the [federal *habeas*] petition" form, but he is not sure how to answer the questions on the petition form "pertaining to arguments/grounds raised." (*Id.* at 1.) Petitioner also asks the Court to assign *pro bono* counsel to assist him with his challenge to his conviction.

Publicly available records indicate that in a judgment rendered June 18, 2015, a New York Supreme Court, New York County jury convicted Petitioner of burglary in the second degree, attempted rape in the first degree, and sexual abuse in the first degree. *People v. Murphy*, 168 A.D.3d 632 (1st Dep't 2019). The trial court sentenced Petitioner as a second violent felony offender to an aggregate term of 15 years' imprisonment. *Id.* Petitioner filed a postconviction motion under C.P.L. § 440.10, asserting that his defense counsel was ineffective. The trial court denied that motion on January 16, 2018. *People v. Murphy*, 2018 N.Y. Slip Op. 33509(U), 2018 WL 7919035 (N.Y. Sup. Ct. N.Y. Cnty. Jan. 16, 2018). The Appellate Division, First Department,

consolidated Petitioner's direct appeal and his § 440.10 appeal, and affirmed Petitioner's

conviction and the trial court's rejection of his C.P.L § 440.10 motion. *Murphy*, 168 A.D.3d at

632. On March 26, 2019, the New York State Court of Appeals denied Petitioner leave to appeal.

*People v. Murphy*, 33 N.Y.3d 952 (Mar. 26, 2019).

## DISCUSSION

A petition for a writ of *habeas corpus* brought under § 2254 is the proper vehicle for a

petitioner to challenge "the judgment of a State court . . . on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. A state

prisoner must exhaust all available state remedies before filing a § 2254 petition. 28 U.S.C.

§ 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). A petitioner may satisfy the exhaustion

requirement by fairly presenting his claims through a state's established appellate review

process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Should a petitioner raise for

*habeas corpus* relief any grounds raised in N.Y. Crim. P. L. § 440.10 motions and/or other

collateral motions, he must show that those grounds have been completely exhausted by seeking

leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88

F. Supp. 2d 233 (S.D.N.Y. 2000).

A petitioner generally must file his § 2254 petition within one year from the date his

judgment of conviction becomes final. *See* 28 U.S.C. § 2244(d). Generally, a judgment of

conviction becomes final following "the expiration of [the] 90-day period of time to petition for

*certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d

Cir. 2000). The limitations period to file a petition is tolled, however, for "[t]he time during

which a properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending" in the state courts. 28 U.S.C. § 2244(d)(2).

Here, the Court of Appeals denied Petitioner leave to appeal on March 26, 2019. His conviction became final 90 days later, that is, on June 25, 2019. Absent any statutory tolling, Petitioner's time to file a § 2254 petition expires one year from the date that his conviction became final, that is, on June 25, 2020.[1]

Petitioner seeks an extension of time or "stay of abeyance" to file his § 2254 petition because he has additional claims that he needs to exhaust in the state courts. But this Court lacks jurisdiction to grant an extension or to stay a petition until the petition has been filed. *See Green*, 260 F.3d at 82; *Alvarez v. Doe*, No. 19-CV-9003, 2019 WL 5205595, at *3 (S.D.N.Y. Oct. 11, 2019) ("Because Petitioner has not yet filed any petition[] under 28 U.S.C. § 2254, the Court lacks jurisdiction to grant his request."). Petitioner has not filed a § 2254 petition, and the Court finds that his letter does not include sufficient information for the Court to construe it as a petition. *See* Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts (describing the information that must be included in a § 2254 petition).

If Petitioner has exhausted and unexhausted claims, which it appears he does, and wishes to seek an extension of time to exhaust his unexhausted claims, he must first file a § 2254 petition before the limitations period expires on June 25, 2020. His petition should include his exhausted grounds[2] as well as those unexhausted grounds that he plans on asserting in his state-

---

[1] Under the "prison-mailbox rule," a prisoner's documents are deemed filed on the date that they are given to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988). Petitioner must therefore place his petition in the prison mail system by June 25, 2020.

[2] Based on the Appellate Division's decision, it appears that Petitioner raised the following grounds in his consolidated appeal: (1) The evidence presented was legally insufficient to support his convictions; (2) counsel was ineffective because his defense of a lack of proof of identity was objectively unreasonable; (3) the victim's statement to a nurse was barred under the Confrontation Clause; and the trial court abused its discretion in denying Petitioner's request for a missing witness charge. *See Murphy*, 168 A.D.3d at 632-34.

court motions.[3] A petition containing both exhausted and unexhausted grounds will be treated as a "mixed petition." When a presented with a mixed petition, a court has several options: (1) to stay the petition pending total exhaustion, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); (2) to dismiss the petition without prejudice pending total exhaustion, *Zarvela v. Artuz*, 254 F. 3d 374, 380-82 (2d Cir. 2001); or (3) to consider only the exhausted claims if petitioner agrees to abandon his unexhausted claims, *id*. It is generally considered an abuse of discretion for a district court to deny a stay and dismiss a mixed petition if: (1) the petitioner had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277.

The Court understands that Petitioner may have limited access to the facility's law library. He is reminded that it is not necessary to cite case law or make legal arguments in his petition. He only needs to state the relief he is seeking, his grounds for relief, and the facts supporting each ground. Petitioner may hand-write the petition, provided it is legible.[4]

---

[3] Petitioner is cautioned, however, that if he does not raise all of his grounds in a single petition, he will need permission from the Court of Appeals for the Second Circuit to pursue any subsequent petition to litigate unraised grounds. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the application shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

[4] In the alternative, Petitioner may elect to fully exhaust his state-court remedies before filing his § 2254 petition. If Petitioner files his postconviction motions in the state court before the expiration of the limitations period to file his § 2254 petition, that is, before June 25, 2020, the limitations period to file his federal petition will be tolled during the time which his state postconviction motions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). After fully exhausting his state-court remedies, Petitioner must then file a new federal § 2254 petition within the time remaining in the one-year limitations period, measured from the date that his conviction became final to the date that he fully exhausted his state-court remedies, minus the time during which his state postconviction motions were pending. Given that Petitioner has already exhausted some of his claims,  and he states that his § 2254 petition is almost complete, and that he has limited access to the law library, Petitioner may be less likely to miss a deadline if he

**LEAVE TO FILE A PETITION**

The Court grants Petitioner leave to submit a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 before the limitations period expires, that is, before June 25, 2020. He must also complete and submit the attached IFP application or pay the $5.00 filing fee. In his petition, Petitioner must state his each of his grounds for relief and provide facts in support of each ground. His grounds for relief should include those grounds that he raised in his consolidated appeal, as well as any grounds he seeks to assert in the state-court postconviction motions that he mentions in his letter. Petitioner is reminded that he will ultimately have to exhaust his state-court remedies with regards to those grounds he plans to raise in his § 440.10 and error *coram nobis* motions.

**CONCLUSION**

The Court grants Petitioner leave to file a § 2254 petition and an IFP application that contains the information set forth above. Petitioner must submit the petition to this Court's Pro Se Intake Unit by June 25, 2020, caption the document as "Petition," and label the document with docket number 20-CV-3076 (LLS). A Petition Under 28 U.S.C. § 2254 form and an IFP application are attached to this order. Once submitted, the petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will dismiss this action.

---

submits a timely §2254 petition than if he attempts to properly file state-court motions before the limitations period expires.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court denies Petitioner's request for the assignment of counsel without prejudice to renewal after he files a § 2254 petition.

This order will be mailed in chambers.

SO ORDERED.

Dated:    May 15, 2020
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
(Full name(s) of the plaintiff or petitioner applying (each person
must submit a separate application)

_____   CV _____   ( ) ( )

-against-

(Enter case number and initials of assigned judges, if
available; if filing this with your complaint, you will not
yet have a case number or assigned judges.)

_____

_____

_____
(Full name(s) of the defendant(s)/respondent(s).)

**APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* ("IFP") (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?*        ☐  Yes        ☐  No   (If "No," go to Question 2.)
   I am being held at: _____

   Do you receive any payment from this institution?   ☐  Yes   ☐  No

   Monthly amount: _____

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed?        ☐  Yes        ☐  No

   If "yes," my employer's name and address are:


   Gross monthly pay or wages: _____

   If "no," what was your last date of employment? _____

   Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment        ☐  Yes        ☐  No
   (b) Rent payments, interest, or dividends        ☐  Yes        ☐  No

(c) Pension, annuity, or life insurance payments     ☐ Yes     ☐ No

(d) Disability or worker's compensation payments     ☐ Yes     ☐ No

(e) Gifts or inheritances     ☐ Yes     ☐ No

(f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.)     ☐ Yes     ☐ No

(g) Any other sources     ☐ Yes     ☐ No

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

_____      _____
Dated      Signature

_____      _____
Name (Last, First, MI)      Prison Identification # (if incarcerated)

_____      _____
Address      City      State      Zip Code

_____      _____
Telephone Number      E-mail Address (if available)



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
DANIEL PATRICK MOYNIHAN COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

PRO SE OFFICE                                                                                                     RUBY J. KRAJICK
Room 230                                                                                                           Clerk of Court

**Instructions for Filing**
**Petition for a Writ of *Habeas Corpus* under**
**28 U.S.C. § 2254**

1.  **Who should use this form:** You should use this form if you are in custody (such as in prison or subject to supervised release) based on a state court conviction <u>and</u> you are challenging your state court conviction or sentence because it violates federal law, such as the United States Constitution. You must first present to the state court your arguments that your conviction violates federal law, either on direct appeal or in an application outside the appeal process. You must include in your federal § 2254 petition all grounds for relief and facts supporting such grounds and indicate that each ground was already presented to the state court. If you were convicted in Bronx, Dutchess, New York (Manhattan), Orange, Putman, Rockland, Sullivan or Westchester counties, then the Southern District of New York is the proper district to file a  § 2254 petition.

2.  **Who should *not* use this form:** If you want to challenge the validity of a federal court judgment of conviction and sentence, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered that judgment. If you want to challenge your immigration detention or other immigration related issues, you should use the form Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (For Immigration Matters).

3.  **Caption:** The caption is located in the top left corner on the first page of the petition. You, as the person filing the petition, are the "petitioner." Generally, the Warden or Superintendent of the institution in which you are confined is the "respondent." The respondent may also be the government official responsible for your confinement.

4.  **Signature:** The petition must be signed with a pen.

5.  **Fee:** The filing fee for a *habeas* petition brought under 28 U.S.C. § 2254 is $5. If you cannot afford to pay this fee, you can request that the Court waive the fee by submitting a Request to Proceed *In Forma Pauperis*.

✎AO 241                                                                                                                    Page 2
(Rev. 10/07)

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

Petitioner (include the name under which you were convicted)          Respondent (authorized person having custody of petitioner)

v.

The Attorney General of the State of

### PETITION

1.        (a) Name and location of court that entered the judgment of conviction you are challenging:



          (b) Criminal docket or case number (if you know):

2.        (a) Date of the judgment of conviction (if you know):

          (b) Date of sentencing:

3.        Length of sentence:

4.        In this case, were you convicted on more than one count or of more than one crime?          ❏ Yes          ❏ No

5.        Identify all crimes of which you were convicted and sentenced in this case:




6.        (a) What was your plea? (Check one)

                              ❏ (1)        Not guilty          ❏ (3)        Nolo contendere (no contest)

                              ❏ (2)        Guilty               ❏ (4)        Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❒   Jury     ❒   Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❒   Yes     ❒   No

8.     Did you appeal from the judgment of conviction?

❒   Yes     ❒   No

9.     If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?        ❒   Yes        ❒   No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?   ❒ Yes   ❒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ❒ Yes   ❒ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
❒ Yes   ❒ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

      (4) Nature of the proceeding:

      (5) Grounds raised:

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❐   Yes     ❐   No

      (7) Result:

      (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

      (4) Nature of the proceeding:

      (5) Grounds raised:

✎AO 241                                                                                                           Page 6
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒  Yes      ❒  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:        ❒  Yes       ❒  No

(2)  Second petition:    ❒  Yes       ❒  No

(3)  Third petition:       ❒  Yes       ❒  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:


12.        For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
           laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
           supporting each ground.

           CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
           remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the
           grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):


(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)      **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         ❏ Yes      ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes      ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?         ❏ Yes      ❏ No

(4) Did you appeal from the denial of your motion or petition?         ❏ Yes      ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏ Yes      ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         ❑   Yes      ❑   No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❑   Yes      ❑   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                          ❏  Yes        ❏  No

(4) Did you appeal from the denial of your motion or petition?                   ❏  Yes        ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes        ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?     ❏ Yes     ❏ No

   (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❏ Yes     ❏ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion or petition?     ❏ Yes     ❏ No

   (4) Did you appeal from the denial of your motion or petition?     ❏ Yes     ❏ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏ Yes     ❏ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❒ Yes    ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes    ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ❑ Yes      ❑ No

(4) Did you appeal from the denial of your motion or petition?              ❑ Yes      ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❑ Yes      ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?     ❏   Yes        ❏   No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?     ❏   Yes        ❏   No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?     ❏   Yes        ❏   No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

✎AO 241
(Rev. 10/07)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?              ❒   Yes        ❒   No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?              ❒   Yes        ❒   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

✎AO 241                                                                                                          Page 15
(Rev. 10/07)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.    § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.