USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DONELLE MURPHY,                                  :
                                                 :
                Petitioner,                      :
                                                 :     **ORDER**
       -against-                                 :
                                                 :     20-CV-3076 (PAE) (JLC)
WARDEN OF ATTICA                                 :
CORRECTIONAL FACILITY,                           :
                                                 :
                Respondent.                      :
                                                 :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

To protect the identity of a victim of sexual assault in this habeas proceeding, respondent has submitted a letter-motion requesting permission to file under seal the state court transcript and respondent's appendix (as well as any other documents containing the name of the victim). Respondent's Letter-Motion, dated Nov. 20, 2020, Dkt. No. 23. For the reasons that follow, the request is granted.[1]

On June 18, 2015, Murphy was convicted of second-degree burglary, first-degree attempted rape, and first-degree sexual abuse in the Supreme Court of the State of New York, New York County. In his petition, Murphy challenges his conviction on the grounds, *inter alia*, that he was denied effective assistance of counsel and that his confrontation clause and due process rights were violated. The Court has directed respondent to respond to the petition and to submit the relevant

---

[1] Respondent is not requesting that the Court seal the answer or memorandum of law as those documents will not identify the victim by name.

1

state court documents. Order to Answer dated July 9, 2020 (Dkt. No. 7). In advance of that filing, respondent has advised the Court that the state court documents respondent intends to file with his response to the petition identify the sexual assault victim. Section 50-b of New York State's Civil Rights Law requires that the identities of sexual-assault victims remain "confidential" and that no public employee make "available for public inspection" any document disclosing the victim's identity. Accordingly, to maintain the privacy of the victim, and comply with the Civil Rights Law, respondent requests that these documents be filed under seal.

There is a "common law right of public access to judicial documents," which is "firmly rooted in our nation's history" and which creates a rebuttable "presumption" in favor of public access to judicial documents. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006). In order to be designated a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). In determining how much weight to afford the presumption, courts must consider "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. After determining the weight of the presumption, the court then must weigh "competing considerations," including, among other things, the "privacy interests of those resisting disclosure" and the "danger of impairing law enforcement or judicial efficiency." *Id.* (citing *Amodeo*, 71 F.3d at 1049). A court

may seal judicial documents if "closure is essential to preserve higher values and closure is narrowly tailored to serve that interest." *ABC v. XYZ Corp.*, No. 18-CV-11653 (JGK) (JLC), 2019 WL 1292503, at *2 (S.D.N.Y. Mar. 19, 2019) (citing *Lugosch*, 435 F.3d at 119), *adopted by* 2019 WL 1304466 (Mar. 20, 2019).

Here, the state court transcript and habeas appendix would qualify as "judicial documents" as they are plainly "relevant to the performance of the judicial function and useful in the judicial process," and as such, there is a common law right to public access of these documents. *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Although a presumption in favor of public access exists, the basis for sealing the records at issue—protecting the identity of the sexual assault victim—provides a compelling reason to limit such access. Indeed, it is common for courts in this District to grant requests for sealing orders to protect a sexual assault victim's identity. *See, e.g.*, *Scott v. Graham*, No. 16-CV-2372 (KPF) (JLC), 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17, 2016) (granting request to file response to habeas petition under seal to protect identity of victim) (collecting cases); *Williams v. Lempke*, No. 11-CV-2504 (PGG), Dkt. No. 7 (S.D.N.Y. June 20, 2011); *Archbold v. Hessel*, No. 08-CV-3898 (SHS) (FM), 2011 WL 2671527, at *1 (S.D.N.Y. June 20, 2011) (noting motion to file state court records under seal was granted to protect privacy of sexual assault victim), *adopted as modified,* 2011 WL 2946169 (S.D.N.Y. July 19, 2011); *Martich v. Smith*, No. 08-CV-6277 (SAS), 2009 WL 2043894, at *1 n.4 (S.D.N.Y. July 14, 2009) ("[T]his Court granted respondent . . . leave to place under seal the federal habeas corpus petition and copies of all state records, in order

to protect the privacy of the sex offense victim pursuant to N.Y. Civ. Rights Law § 50-b."); *Hardison v. Artus*, No. 06-CV-322 (LTS) (AJP), 2006 WL 1330064, at *1 (S.D.N.Y. May 16, 2006) (noting state court records sealed to protect privacy of sexual assault victim pursuant to Section 50-b of the N.Y. Civil Rights Law), *adopted by* 2006 WL 1763678 (S.D.N.Y. June 23, 2006).  Moreover, because it does not appear practical to redact the victim's name from the documents at issue, *see* Resp. Letter at 1, the Court further concludes that sealing the documents identified by respondent is "narrowly tailored" to serve the higher value of safeguarding the victim's identity.

For these reasons, the request to file the state court transcript and habeas appendix under seal is granted.  The Court respectfully directs the Clerk to close Docket Number 23 and mark it as granted.

**SO ORDERED.**

Dated: November 23, 2020
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

A copy of this Order has been mailed to:

Mr. Donnelle Murphy
Inmate No. 15-A-2721
Attica Correctional Facility
P.O. Box 149
Attica, New York  14011-0149

4