

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONELLE MURPHY,                                    :
                                                   :
                    Petitioner,                    :
                                                   :     **ORDER**
          -against-                                :
                                                   :     20-CV-3076 (PAE) (JLC)
WARDEN OF ATTICA                                   :
CORRECTIONAL FACILITY,                             :
                                                   :
                    Respondent.                    :
                                                   :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

By letter dated April 22, 2021, petitioner requests confirmation that his last submission was received by the Court and seeks to consolidate his state court motion with this habeas proceeding. Dkt. No. 33. The Court confirms that it has received petitioner's December 11, 2020 letter and a copy of his section 440.10 motion papers. Dkt. No. 31. However, the Court has no legal authority to consolidate a motion that is before the state court with a habeas petition pending in federal court. Accordingly, petitioner will have to proceed with his 440.10 motion in state court.

Moreover, according to respondent's letter dated December 23, 2020, there are no post-conviction applications currently pending in state court. To the extent

petitioner has not done so already, he may need to file (or refile) his Section 440.10 motion in state court.

Finally, petitioner's request for appointment of *pro bono* counsel (*see* Dkt. No. 31) is denied. As a general matter, there is no constitutional right to counsel in *habeas corpus* proceedings. The Criminal Justice Act ("CJA") provides that a court may appoint counsel to an indigent person when "the interests of justice so requires." 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this Circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants. *See e.g., Zimmerman v. Burge*, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)); *In re Pizzuti*, 10 Civ. 199, 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010). Those factors include the likelihood of success on the merits, the complexity of the legal issues, and petitioner's ability to investigate and present the case. *See Cooper*, 877 F.2d at 172; *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). The Court has considered these factors and finds that appointment of counsel is not warranted at this time because there is not a sufficient basis to determine that the petition has merit. Notably, petitioner's motion for a stay of the proceedings while he exhausts certain state remedies is

currently pending before the Court, and the outcome of that motion may alter the proceedings going forward.

      **SO ORDERED.**

Dated: April 27, 2021
      New York, New York

**A copy of this Order has been mailed to:**

Mr. Donnelle Murphy
Inmate No. 15-A-2721
Collins Correctional Facility
P.O. Box 340
Collins, New York  14034-0340

_____
JAMES L. COTT
United States Magistrate Judge