UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DONELLE MURPHY,                              :

                                             :

                 Petitioner,                 :         ORDER

                                             :

        -v.-                                 :

                                             :         20 Civ. 3076 (PAE) (GWG)

WARDEN OF ATTICA                             :
CORRECTIONAL FACILITY,

                                             :

                 Respondent.                 :
------------------------------------------------------------x
GABRIEL W. GORENSTEIN, United States Magistrate Judge

      With regard to petitioner's letter dated May 4, 2021 (Docket # 35), the Court cannot provide legal advice to the parties before it. That being said, we issue this Order to clarify the status of this petition in relation to the motion filed in state court to seek review of petitioner's conviction under N.Y. Crim. Proc. Law § 440.10, and to further address petitioner's motion for a stay. See Letter from Petitioner, dated March 27, 2020 (Docket # 4).[1]

      We begin by addressing our construction of the petition. Respondent claims in its opposition to petitioner's request for a stay that petitioner "did not advance the so-called 'treaty' argument in his habeas petition, and at this point the claims would be untimely." Letter from Deborah Morse, filed December 17, 2020 (Docket # 30), at 2; id. at 2 n.1 ("the original petition did not address the 'treaty' claim in any fashion — this treaty claim, in any of the forms petitioner now mentions, is a new, unrelated one").

      The Court has reviewed the petition (Docket # 3) and rejects the respondent's position. On page 13 of the petition, petitioner states the following:

> I have not presented [to the state court] the argument that I am here in violation of the MLAT [Mutual Legal Assistance Treaty] between the United States of America & Japan due to the trial court's error of law. Also counsel failed to invoke this treaty defensively. Also that my speedy trial rights were violated by the people's failure to follow the provisions of said treaty to secure the witness. I am exhausting state remedies now. See letter enclosed.

---

[1] We assume the § 440.10 motion has been filed by now or will be shortly. If, however, respondent provides proof that it has not been filed, we would entertain an application to deny or vacate the stay on that basis.

Petition for Writ of Habeas Corpus, filed June 16, 2020 (Docket # 3) ("Petition"), at 13. In the letter that began this case (Docket # 1), which we believe is incorporated into the petition, petitioner wrote the following:

> [B]efore your courts I am first trying to preserve my ineffective trial and appellate counsel claims, as well as the trial court's abuse of discretion and error of law.
>
> I was tried without being allowed to confront my accuser due to the complainant having left the country. However, the court ruled that there was no legal process for which the complainant was amenable to. I found a treaty existing between the U.S. and Japan (MLAT) and I am now trying to preserve this for argument but I also believe this qualifies as a mode of proceedings violation.

Letter from Petitioner, dated April 6, 2020 (Docket # 1) at *2. In light of our obligation to construe the pro se petition liberally, see Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998), we construe the petition as seeking to raise the same issue that is raised in the copy of the § 440.10 motion (attached to Letter from Plaintiff, dated December 11, 2020 (Docket # 31)). That motion states:

> I submit this motion . . . on the basis of (1) ineffective assistance of trial counsel. (2) Ineffective assistance of appellate counsel. Where both counsels failed to provide meaningful representation at each step of the process, beginning with their failure to properly research the controlling law pursuant to the United States Constitution Article 6 clause 2 as well as the Mutual Legal Assistance Treaty between the United States and Japan . . .

Docket # 31 at *6-7. In other words, we reject the respondent's argument that there is any need for petitioner to amend the petition in order to raise the claims set forth in his 440.10 motion. Petition at 13; Docket # 1 at *2.

As we have construed it, the current petition contains both exhausted and unexhausted claims, which is known as a "mixed petition." When presented with a mixed petition, a court has several options: (1) to stay the petition pending total exhaustion, Rhines v. Weber, 544 U.S. 269, 277-78 (2005); or (2) to consider only the exhausted claims if petitioner agrees to abandon his unexhausted claims, Rose v. Lundy, 455 U.S. 509, 510 (1982).

If petitioner does not wish to stay his petition, he could choose option (2) and abandon the pursuit of the unexhausted claims in federal court (i.e. the claims that are the subject of the § 440.10 motion). If he chose option (2), he could continue to pursue his claims in state court but, if he were unsuccessful there, could not raise those claims in any federal habeas petition (either this one or any petition in the future). If petitioner prefers this option, he need only write a letter so stating.

Absent such a letter, we will assume he prefers option (1). As to any stay, Rhines held that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," the Court can issue such a stay only if petitioner shows (a) "good cause for

the petitioner's failure to exhaust his claims first in state court"; (b) "his unexhausted claims are potentially meritorious," and (c) "there is no indication that he engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 277-78.

Plaintiff's prior letter seeking a stay does not address these three items and presents no arguments why they are satisfied. Accordingly, we grant petitioner leave to file a letter or memorandum addressing the application of the Rhines standard — that is, addressing (a), (b) and (c) above.

With regard to petitioner's burden of showing that "his unexhausted claims are potentially meritorious," Rhines, 544 U.S. at 278 (item (b)), petitioner may rely upon his 440.10 brief, which sets forth why he believes these claims should succeed. For petitioner's edification, we note that "good cause" (item (a)) requires showing either (1) "some factor external to the petitioner gave rise to the default" or (2) "reasonable confusion about whether a state filing would be timely." Whitley v. Ercole, 509 F. Supp. 2d 410, 417, 418 (S.D.N.Y. 2007); accord Young v. Great Meadow Corr. Facility Superintendent, 2017 WL 480608, at *5 (S.D.N.Y. Jan. 10, 2017) (collecting cases).

The filing addressing items (a), (b), and (c) is due June 11, 2021. Respondent shall respond to petitioner's filing by June 25, 2021.

The Clerk is instructed to mail a copy of this Order to petitioner.

SO ORDERED.

Dated: May 24, 2021
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge