UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
DONELLE MURPHY,                                                :

                                          Petitioner,                                           :     ORDER

            -v.-                                                                     :

                                               :     20 Civ. 3076 (PAE) (GWG)

WARDEN OF ATTICA                                               :
CORRECTIONAL FACILITY,

                                          Respondent.                                         :
---------------------------------------------------------------x
GABRIEL W. GORENSTEIN, United States Magistrate Judge

      Petitioner has made an application for a stay of his habeas corpus petition. See Letter from Petitioner, dated March 27, 2020 (Docket # 4). Due to the inadequacy of the respondent's previous letter on the issue of a stay, see Letter from Deborah L. Morse, filed December 17, 2020 (Docket # 30) ("December 17 Letter"), the Court on June 23, 2021, issued an order directing respondent to address "petitioner's request for a stay in full." Order, filed June 23, 2021 (Docket # 38) ("June 23 Order"). The Court further ordered that "[t]he filing should apply the Rhines [v. Weber, 544 U.S. 269, 277-78 (2005)] standard and may address any other issues the respondent believes were raised by petitioner's letter." Id.

      Respondent has submitted a letter in purported compliance with the June 23 Order. See Letter from Deborah Morse, filed June 30, 2021 (Docket # 39) ("June 30 Letter").[1] But rather than address the application of the Rhines standard, the bulk of Respondent's letter is a verbatim reproduction of Respondent's earlier inadequate letter. Compare December 17 Letter with June 30 Letter at 2-3. The June 30 Letter spends only a single paragraph addressing the application of the Rhines standard, in which respondent cites no authority but simply concludes that "[i]t is not all clear that these circumstances would constitute 'good cause' for the delay." June 30 Letter at 2. This vague and conclusory assertion does not comply with the June 23 Order, as it fails to "apply the Rhines standard" and does nothing to explain and justify the respondent's argument.

      Equally vague and conclusory is the following paragraph asserting that petitioner cannot now exhaust the claim in state court. No explanation is given for this argument and no citation is provided to any case.

      We note further that the respondent has not carefully examined the Court's earlier order in this case. See Order, filed May 24, 2021 (Docket # 36) ("May 24 Order"). In that Order, the

---

      [1] The Court notes that this letter was improperly filed as a "Letter Motion" in violation of this Court's Individual Practices (paragraph 1.B).

Court addressed and rejected "respondent's argument that there is any need for petitioner to amend the petition in order to raise the claims set forth in his 440.10 motion." May 24 Order at 2. Yet, in the new letter submitted, respondent again asserts that "Petitioner did not advance the so-called 'treaty' argument in his habeas petition, and at this point the claim/s on this subject would be untimely," because, "the petition could not be amended now to include these untimely 'treaty' claims." June 30 Letter at 2. This argument, however, was <u>squarely</u> <u>rejected</u> by the Court in the May 24 Order — a fact that respondent blithely ignores. Moreover, respondent presents no arguments as to why the Court should reconsider its decision on this question or why a request to reconsider that decision should be deemed timely.

If, in fact, respondent wishes to oppose petitioner's request for a stay, the Court directs respondent to submit a response fully addressing the <u>Rhines</u> standard by July 14, 2021, and all related issues. Such a response must be made in the form of a memorandum of law that complies with Local Civil Rule 7.1(a)(2) and paragraph 2.D of the Court's Individual Practices.

The Court further directs respondent to investigate whether plaintiff has in fact refiled his 440.10 motion and to address the status of that motion in the memorandum of law.

If respondent fails to file a proper memorandum of law that provides in-depth legal argument with citation to case law, the stay may be granted as unopposed.

SO ORDERED.

Dated: July 1, 2021
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy sent to petitioner by Chambers at address on docket sheet