UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DONELLE MURPHY,                              :

                                             :

                    Petitioner,              :          ORDER

                                             :

          -v.-                               :

                                             :          20 Civ. 3076 (PAE) (GWG)

WARDEN OF ATTICA CORRECTIONAL               :
FACILITY,

                                             :

                    Respondent.              :
----------------------------------------------------------------x
**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

       This Order addresses petitioner Donelle Murphy's motion for a stay of his petition in order to allow him to litigate an unpreserved claim in state court. <u>See</u> Letter from Petitioner, filed June 21, 2021 (Docket # 37).

       Murphy brought a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 following his convictions for attempted rape in the first degree, burglary in the second degree, and sexual abuse in the first degree in New York state court. <u>See</u> Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed Apr. 16, 2020 (Docket # 1). The Appellate Division, First Department, had previously affirmed the convictions. <u>People v. Murphy</u>, 168 A.D.3d 632, 634 (1st Dep't 2019).

       After Murphy filed his petition, Murphy filed an amended petition that advanced verbatim many of the arguments in his state appellate brief. <u>See</u> Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed June 16, 2020 (Docket # 3) ("Pet."). In a prior order, <u>see</u> Order of May 24, 2021 (Docket # 36) ("May 24 Order"), at 2, we construed the amended petition as raising an additional claim: that the Mutual Legal Assistance Treaty (the "MLAT") between the United States and Japan provided a means of obtaining testimony from the complainant in the underlying case and that failure to utilize the MLAT for this purpose was an error by the trial court that worked a violation of Murphy's speedy trial rights. <u>See</u> Pet. at 13. Murphy also alleges that it constituted ineffective assistance of counsel for his attorney not to have invoked the MLAT to seek the complainant's testimony. <u>Id.</u>

       Murphy has made an application for a stay of his habeas corpus petition. <u>See</u> Letter from Petitioner, dated June 16, 2020 (Docket # 4) ("Stay Request"). Respondent has submitted a memorandum of law in opposition to this request. <u>See</u> Memorandum of Law in Opposition, filed July 14, 2021 (Docket # 41) ("Opp. Mem."). As previously noted by the Court,

[T]he current petition contains both exhausted and unexhausted claims, which is known as a "mixed petition."  When presented with a mixed petition, a court has several options: (1) to stay the petition pending total exhaustion, <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005); or (2) to consider only the exhausted claims if petitioner agrees to abandon his unexhausted claims, <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982). . . .  As to any stay, <u>Rhines</u> held that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," the Court can issue such a stay only if petitioner shows (a) "good cause for the petitioner's failure to exhaust his claims first in state court"; (b) "his unexhausted claims are potentially meritorious," and (c) "there is no indication that he engaged in intentionally dilatory litigation tactics." <u>Rhines</u>, 544 U.S. at 277-78. . . .  [W]e note that "good cause" (item (a)) requires showing either (1) "some factor external to the petitioner gave rise to the default" or (2) "reasonable confusion about whether a state filing would be timely." <u>Whitley v. Ercole</u>, 509 F. Supp. 2d 410, 417, 418 (S.D.N.Y. 2007); <u>accord</u> <u>Young v. Great Meadow Corr. Facility Superintendent</u>, 2017 WL 480608, at *5 (S.D.N.Y. Jan. 10, 2017) (collecting cases).

May 24 Order at 2-3.

Respondent argues that Murphy has failed to show good cause, that the unexhausted claim is meritless, and that Murphy "has not established that the stay request is not a mere dilatory tactic."  Opp. Mem. at 9.[1]

The Court need not opine on the merits of Murphy's unexhausted claim, or whether he has engaged in dilatory tactics, because it concludes that Murphy has failed to demonstrate that he had "good cause for [his] failure to exhaust his claims first in state court," <u>Rhines</u>, 544 U.S. at 277, before he filed his petition or amended petition.  <u>See</u> <u>Tineo-Santos v. Piccolo</u>, 2021 WL 266561, at *7 (S.D.N.Y. Jan. 27, 2021) (because petitioner "has failed to demonstrate 'good cause' for his failure to exhaust, the Court need not consider whether the claims he seeks to exhaust are 'plainly meritless' or whether [he] engaged in deliberate delay.") (citation omitted and punctuation altered).

Murphy asserts that he "did in fact submit the CPL 440.10 motion to the trial court first," but "due to having submitted said motion under procedurally defective means the motion was sent back each time."  Letter from Petitioner, filed June 21, 2021 (Docket # 37), at 1-2.  Murphy attached to his letter copies of the mail he received returning his motion, both of which indicate that the motion was returned "because it does not conform to the procedural requirements of the law."  <u>Id.</u> at 5, 7.  As Murphy admits in a later letter, he believed his "motion to have been properly filed with the trial court although it was not due to mistakes on my part."  Letter from Petitioner, filed July 15, 2021 (Docket # 42), at 3.

---

[1]  The Respondent also argues that the petition would have to be amended to include this claim and that any amendment would be untimely.  <u>See</u> Opp. Mem. at 11-12.  This argument, however, has been rejected in two separate orders of this Court, May 24 Order at 2; Order of July 1, 2021 (Docket # 40), at 2, in which we held that the amended petition already includes this claim.  Thus there is no need for the petition to be amended.

Case law is clear, however, that such mistakes do not amount to good cause under <u>Rhines</u> for failure to exhaust prior to filing a habeas corpus petition.  First, they do not constitute "some factor external to the petitioner [that] gave rise to the default," <u>Whitley</u>, 509 F. Supp. 2d at 417; rather, these mistakes were the consequence of petitioner's own lack of familiarity with the law. Courts have consistently rejected claims that ignorance satisfies the good cause standard.  <u>See</u>, <u>e.g.</u>, <u>Davidson v. Capra</u>, 2016 WL 6248449, at *2 (S.D.N.Y. Oct. 26, 2016) (no good cause where petitioner mistakenly believed that he could not exhaust his claim prior to obtaining minutes of a proceeding); <u>Madrid v. Ercole</u>, 2012 WL 6061004, at *2 (E.D.N.Y. Dec. 6, 2012) (petitioner's assertions that he was "not a lawyer" and "was unaware of [his] newly-claimed basis for constitutional relief" did not constitute the "good cause" required for a stay-and-abeyance); <u>Spells v. Lee</u>, 2012 WL 3027540, at *7 (E.D.N.Y. May 23, 2012) (denying stay where "[p]etitioner's argument that he [was] 'not versed in the law' [was] not sufficient to constitute good cause under the <u>Rhines</u> standard"), <u>adopted in relevant part</u>, 2012 WL 3027865 (E.D.N.Y. July 23, 2012); <u>Taylor v. Poole</u>, 2009 WL 2634724, at *31 (S.D.N.Y. Aug. 27, 2009) (no good cause where petitioner harbored "incorrect belief that he was required to have transcript citations"), adopted by 2011 WL 3809887 (S.D.N.Y. Aug. 26, 2011); <u>Garcia v. Laclair</u>, 2008 WL 801278, at *4 (S.D.N.Y. Mar. 24, 2008) ("A lack of knowledge of legal procedures, in itself, is insufficient to find good cause.") (punctuation omitted).

Murphy also cannot show good cause under a version of the "good cause" standard accepted by some courts: namely, a "reasonable confusion about whether a state filing would be timely."  <u>Davidson</u>, 2016 WL 6248449, at *2.  That is because here Murphy "explicitly states in his motion that he is seeking a stay of his habeas petition so that he can exhaust his unexhausted claims in New York state court."  <u>Holguin v. Lee</u>, 2013 WL 3344070, at *3 (S.D.N.Y. July 3, 2013); <u>see</u> <u>also</u> Stay Request at 1 ("I am currently in the process of exhausting all of my state remedies, so that I can raise the violation of treaty [argument].").  Thus, he "cannot plausibly suggest that any 'reasonable confusion' should establish good cause," and "to the extent that [petitioner] may be ignorant of state law procedures, this lack of knowledge is not enough to demonstrate reasonable confusion."  <u>Holguin</u>, 2013 WL 3344070, at *3; <u>accord</u> <u>Hunter v. Annucci</u>, 2020 WL 9816004, at *6 (E.D.N.Y. Dec. 18, 2020) ("Petitioner specified in his petition that his claims were not exhausted in state court and notified the Court that he intended to file a <u>coram</u> <u>nobis</u> motion.  Thus, prior to filing the petition, Petitioner knew that he needed to file a <u>coram</u> <u>nobis</u> motion as to his unexhausted ineffective assistance of counsel claim and therefore cannot show reasonable confusion.") (citation omitted); <u>McCrae v. Artus</u>, 2012 WL 3800840, at *9 (E.D.N.Y. Sept. 2, 2012) (petitioner could not show "reasonable confusion" as to "whether his claims have been adjudicated in state court" because his filings admitted that his claims had not been presented there).  Murphy was plainly not confused about the timeliness of his motion, but rather knew that he needed to exhaust this claim prior to submitting his petition and failed to do so as a result of his unfamiliarity with state court procedures.  Unfortunately for petitioner, and as already noted, such unfamiliarity does not excuse his failure to exhaust.  <u>See</u> <u>Ramdeo v. Phillips</u>, 2006 WL 297462, at *7 (E.D.N.Y. Feb. 8, 2006) ("[Petitioner] tacitly admits that the failure to exhaust is attributable to his own ignorance of the law . . . .  [T]his Court is compelled to conclude that the petitioner's showing is insufficient to make out 'good cause.'  If this Court were to adopt petitioner's argument, it would essentially endorse a standard which would eviscerate <u>Rhines</u>."); <u>accord</u> <u>Young v. Great Meadow Corr. Facility Superintendent</u>, 2017 WL 480608, at *6 (S.D.N.Y. Jan. 10, 2017) ("[P]etitioner identified the need to file a § 440.10

motion in his original petition, and represented that he would do so . . . .  The Court is not unsympathetic to the difficulties faced by a pro se petitioner . . . .  But such difficulties, which are faced by many petitioners seeking habeas relief, are not sufficient in and of themselves to provide the necessary 'good cause' under [Rhines].").

As noted, Murphy's petition is a "mixed petition."  A court has two options for addressing such a petition: it can either dismiss the entire petition because it contains exhausted and unexhausted claims, see Rhines, 544 U.S. at 274-75; or it can give the petitioner the opportunity to amend the petition to exclude the unexhausted claims, see id. at 278.  We will assume that Murphy would prefer to exclude the unexhausted claims rather than have the petition dismissed in its entirety.  Thus, we are today separately issuing a Report and Recommendation with respect to those claims.[2]

For the above reasons, Murphy's application for a stay (Docket # 4) is denied.

SO ORDERED.

Dated:  April 19, 2022
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2]  If Murphy instead prefers that the unexhausted claims not be dismissed, he may file a letter so stating and the undersigned would then recommend that the entire petition be dismissed on the ground that it is a "mixed petition."