UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONELLE MURPHY,

                              Petitioner,

                    -v-

WARDEN OF ATTICA CORRECTIONAL FACILITY,

                              Respondent.

---

20 Civ. 3076 (PAE) (GWG)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Petitioner Donelle Murphy, proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 3 ("Petition"). On June 18, 2015, Murphy was sentenced to 15 years in prison following a jury trial in New York State Supreme Court in which he was convicted of attempted rape in the first degree, burglary in the second degree, and sexual abuse in the first degree. *Id.* at 1. Murphy now challenges his conviction on the grounds that, *inter alia*, he was denied effective assistance of counsel, his due process rights and right to confront the witnesses against him were violated, and the trial court improperly denied his request to include a "missing witness" jury charge. *See id.* at 5–14. The respondent, the warden of Attica Correctional Facility, opposes Murphy's petition. Dkt. 26.

On April 19, 2022, the Honorable Gabriel W. Gorenstein, United States Magistrate Judge, issued a Report and Recommendation (the "Report"), recommending that the Court deny Murphy's petition. Dkt. 50 ("Report"). The same day, he denied Murphy's application for a stay to litigate an unpreserved claim in state court, on the basis that Murphy failed to show good cause for his failure to exhaust the claim at issue in state court. Dkt. 51.

The Court incorporates by reference the summary of the facts provided in the Report, to which no party has objected. For the following reasons, the Court adopts the Report.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in

2

objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*,

No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at \*2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

The Court reviews the Report for clear error, as no party has submitted objections

directed at its findings.[1]  Finding none in Judge Gorenstein's characteristically thorough Report,

the Court adopts the Report in its entirety.  Because the Report explicitly states that the parties

"have fourteen (14) days (including weekends and holidays) from service of this Report and

Recommendation to file any objections," and that any party who fails to file timely objections

will not be able to raise objections on appeal, the parties' failure to object operates as a waiver of

appellate review.  *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing

*Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Gorenstein's Report and

Recommendation in its entirety.  The Court denies the Petition and respectfully directs the Clerk

of Court to close this case.

---

[1] On June 8, 2022, Murphy filed a letter motion "for the purpose of objecting to the Order of Gabriel W. Gorenstein, United States Magistrate Judge." *See* Dkt. 52 at 1.  There, he argues that he is being "wrongfully penalized" for having submitted to this Court, for consideration of his request for a stay, a copy of his state court motion pursuant to New York Criminal Procedure Law § 440.10.  *See id.*  He states that he did not intend to submit the motion until it had been exhausted in state court.  *See id.* at 1–2.  Although this letter is fashioned as an objection, albeit an untimely one, the Court construes this letter as objecting to Judge Gorenstein's denial of Murphy's application for a stay, and not to the Report.  In any event, the Court concludes that Murphy's challenges to the denial of a stay are unavailing, as none address the basis for the denial: Murphy's failure to demonstrate "good cause for [his] failure to exhaust his claims first in state court . . . before he filed his petition or amended petition." Dkt. 51 (citation omitted).

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 8, 2023
    New York, New York

4